**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br>As subrogee of Stuart and Maxine Marder,<br><br>Plaintiff,<br><br>vs.<br><br>LAPTOPS FOR LESS, INC.,<br>A California corporation,<br><br>Defendant. | Case No.<br><br>JURY DEMAND<br>FILED: APRIL 30, 2008<br>08CV2472    PH<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE BROWN |

**COMPLAINT**

NOW COMES Plaintiff ALLSTATE INSURANCE COMPANY (hereinafter, "Allstate"), as subrogee of Stuart and Maxine Marder (hereinafter, "the Marders"), by and through its respective attorneys, DANIEL G. GALIVAN and ANOOJ M. THAKRAR of GROTEFELD & HOFFMANN, L.L.P., and for its Complaint against Defendant LAPTOPS FOR LESS, INC. (hereinafter, "Laptops For Less"), states as follows:

**JURISDICTIONAL STATEMENT**

1.  Jurisdiction is founded upon diversity of citizenship of the parties.

2.  Allstate is an Illinois corporation duly authorized to do business in Illinois and various other states, with its principal place of business in Northbrook, Illinois.

3.  Based on information and belief, Defendant Laptops For Less is a California corporation duly authorized to do business in California, with its principal place of business in Anaheim, California.

1

4. Defendant Laptops For Less owns and maintains the website www.laptopsforless.com, from which customers make online purchases from Defendant's inventory that are then sent to an address of the customer's choosing.

5. The amount in controversy exceeds $75,000.00 (Seventy-Five Thousand Dollars).

6. Subject matter jurisdiction exists in the Northern District of Illinois pursuant to 28 U.S.C. §1332.

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §115 and 28 U.S.C. §1391.

8. The battery pack that is the subject of this litigation was sold via the Internet and shipped to the state of Illinois, where it was used in the Marder home in Arlington Heights, Illinois.

## GENERAL ALLEGATIONS

9. At all relevant times, Plaintiff Allstate insured the Marder home, located at 711 Nickels Road in Arlington Heights, Illinois 60004 (hereinafter, "the Marder residence"), and contents therein pursuant to a policy of insurance issued to the Marders.

10. Pursuant to said policy, the Marders made a claim seeking indemnification and reimbursement for damages resulting from a fire that took place at approximately 9:00 a.m. on December 2, 2005, at their residence.

11. As a result of this fire loss, Allstate paid the Marders a sum in excess of $299,822.83.

12. In consideration of payment by Allstate to the Marders, the insured subrogated to Allstate all rights, claims and interests that they may have for reimbursed amounts against any person or entity that may be liable for causing said damage.

**FACTUAL ALLEGATIONS**

13. The Marders made an online purchase of a battery pack from Laptops For Less in December of 2004 for its customary, normal, and foreseeable use as a source of power for their Sony VAIO laptop computer (hereinafter, "the Marders' computer").

14. Upon information and belief, the subject battery pack is a lithium ion battery and is designed for compatibility with the Sony R505 Series.

15. Upon information and belief, the subject battery was identified as item number PCGA-BP2R on the sales receipt issued by Defendant Laptops For Less.

16. The point of origin for the subject fire at the Marder residence was in a corner of the home's family room, where the Marders' computer was charging on top of a desk.

17. The Marders' housekeeper, Ms. Teresa Pycz, witnessed flames near the laptop hinges and heard popping noises emitting from the Marders' computer.

18. Ms. Pycz initially observed this fire, then alerted Mrs. Maxine Marder, who was upstairs at the time of the initial discovery.

19. Upon information and belief, the fire at the Marder residence was caused by abnormal venting of two cells within the subject battery pack sold by the Defendant, which spewed molten material onto nearby combustibles.

**COUNT I**
**Product Liability**

20. Allstate, as subrogee of the Marders, hereby incorporates by reference the allegations of paragraphs 1 through 19 as though fully set forth herein.

21. The subject battery pack was distributed for sale to the general public and consumers, including the Marders, in the same condition in which it was tested, distributed, and sold.

22.     Upon information and belief, the battery pack purchased by the Marders and used in conjunction with their computer was not modified or altered from the time of distribution to the time of the fire.

23.     The battery pack was unreasonably dangerous and defective in light of its foreseeable and intended use at the time it left the control of Laptops For Less in one or more of the following ways:

    a.   The subject battery was improperly manufactured so as to prevent normal venting;

    b.   The subject battery was improperly designed so as to prevent normal venting;

    c.   The subject battery was improperly tested so as to determine that it would not vent normally when used by a consumer;

    d.   The subject battery was improperly inspected so as to determine that it would not vent normally when used by a consumer;

    e.   Failed to warn of the risk of improper venting and the associated risk of fire;

    f.   Failed to warn and instruct the user to place the battery away from any and all combustible materials or enumerate a safe distance at which to store combustibles.

24.     As a direct result of the failure of Laptops For Less to warn consumers of the highly dangerous and defective condition of the subject battery pack, Allstate, as subrogee of Stuart and Maxine Marder, suffered damages, including costs of repair, replacement, and other damage to real and personal property in excess of $299,822.83.

WHEREFORE, Allstate, as subrogee of Stuart and Maxine Marder, requests that judgment be entered in its favor and against Laptops For Less in an amount in excess of $299,822.83, plus costs and for such further relief as this Court deems equitable and just.

## COUNT II

### Breach of Implied Warranty of Merchantability

25.     Allstate, as subrogee of the Marders, hereby incorporates by reference the allegations of paragraphs 1 through 19 as though fully set forth herein.

26.     Laptops For Less implied a warranty to the Marders that the battery pack was of merchantable quality.

27.     The Marders relied on Laptops For Less's expertise, skill and judgment in inspecting, testing, distributing, and/or selling the battery pack for the customary, normal, and foreseeable purpose of providing power to the Marders' computer.

28.     The battery pack was not of merchantable quality in one or more of the following ways:

   a. The subject battery was improperly designed so as to prevent normal venting;

   b. The subject battery was improperly designed so as to prevent normal venting;

   c. The subject battery was improperly tested so as to determine that it would not vent normally when used by a consumer;

   d. The subject battery was improperly inspected so as to determine that it would not vent normally when used by a consumer;

   e. Failed to warn of the risk of improper venting and the associated risk of fire;

   f. Failed to warn and instruct the user to place the battery away from any and all combustible materials or enumerate a safe distance at which to store combustibles.

29.     Laptops For Less was notified by Allstate of the defective condition of the battery pack within a reasonable time after the defect(s) was determined.

5

30. As a direct and proximate result of Laptops For Less's breach of implied warranty of merchantability, Allstate suffered damages, including costs of repair, replacement, and other damage to real and personal property in excess of $299,822.83.

WHEREFORE, Allstate, as subrogee of Stuart and Maxine Marder, requests that judgment be entered in its favor and against Laptops For Less in an amount in excess of $299,822.83, plus costs and for such further relief as this Court deems equitable and just.

Respectfully submitted,

ALLSTATE INSURANCE COMPANY,
As subrogee of Stuart and Maxine Marder,


By:  /s/ Anooj M. Thakrar_____
       One of Its Attorneys

Daniel G. Galivan
Anooj M. Thakrar
GROTEFELD & HOFFMANN, L.L.P.
180 North LaSalle, Suite 1810
Chicago, Illinois 60601
312-551-0200
Atty. No. 43728