I.D. No. 3127403
03503-SMM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| as Subrogee of Stuart and Maxine Marder, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 2472 |
| | ) | |
| v. | ) | Assigned Judge: Rebecca R. Pallmeyer |
| | ) | |
| LAPTOPS FOR LESS, INC., a California | ) | Magistrate Judge: Geraldine Soat Brown |
| Corporation, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

**DEFENDANT, LAPTOPS FOR LESS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, LAPTOPS FOR LESS, INC., by and through its attorneys, LAW OFFICES OF THADDEUS J. GUSTAFSON, and for its answer to the Plaintiff's Complaint, states as follows:

**JURISDICTIONAL STATEMENT**

1. This Defendant admits the averments in paragraph one.

2. This Defendant admits the averments in paragraph two.

3. This Defendant admits the averments in paragraph three.

4. This Defendant admits the averments in paragraph four.

5. This Defendant admits that the Plaintiff claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

6. This Defendant admits the averments in paragraph six based upon the Plaintiff's claimed damages.

7. This Defendant admits the averments in paragraph seven.

8. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eight, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

**GENERAL ALLEGATIONS**

9. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph nine, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

10. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph ten, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

11. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eleven, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

12. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph twelve, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

13. This Defendant admits that a purchase was made under the name of Marder which was sent to Arlington Heights, Illinois and is without knowledge or information sufficient to form a belief as to the remaining averments of paragraph thirteen.

14. This Defendant admits that a purchase was made under the name of Marder which was sent to Arlington Heights, Illinois and is without knowledge or information sufficient to form a belief as to the remaining averments of paragraph fourteen.

15. This Defendant admits that the battery identified as Item No. PCGA-B22R was listed on the sales receipt, but is without knowledge or information sufficient to form

a belief as to the truth of the averment that the subject battery is the battery identified in the sales receipt.

16.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph sixteen, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

17.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph seventeen, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

18.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighteen, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

19.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph nineteen, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

### **COUNT I – PRODUCT LIABILITY**

20.   This Defendant restates and incorporates by this reference its answers to paragraphs one through nineteen as and for its answers to paragraph twenty of Count I as though fully set forth herein.

21.   This Defendant admits that the battery packs themselves are not modified in any way by this Defendant from the time it receives battery packs from the manufacturer until they are sent to the customer; this Defendant is without knowledge or information sufficient to form a belief as to the remaining averments of paragraph twenty-one of Count I.

22. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph twenty-two of Count I, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

23. If the battery pack was distributed by this Defendant, this Defendant denies each and every averment of paragraph twenty-three of Count I, including, but not limited to, sub-paragraphs (a) through (f).

24. This Defendant denies the averments in paragraph twenty-four of Count I.

WHEREFORE, the Defendant, LAPTOPS FOR LESS, INC., prays that judgment be entered in its favor and against the Plaintiff.

## COUNT II – BREACH OF IMPLIED WARRANTY

25. This Defendant restates and incorporates by this reference its answers to paragraphs one through nineteen as and for its answer to paragraph twenty-five of Count II as though fully set forth herein.

26. This Defendant admits all legal duties and obligations properly imposed upon it and no others, denies that the Plaintiff has fully set forth those duties and obligations, and has insufficient knowledge or information to form a belief as to whether the subject battery pack was distributed by this Defendant.

27. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph twenty-seven of Count II, and, therefore, neither admits nor denies said averments, but demands strict proof thereof.

28. This Defendant denies the averments of paragraph twenty-eight of Count II, including, but not limited to, sub-paragraphs (a) through (f).

29. This Defendant denies the averments of paragraph twenty-nine of Count II.

30. This Defendant denies the averments of paragraph thirty of Count II.

WHEREFORE, the Defendant, LAPTOPS FOR LESS, INC., prays that judgment be entered in its favor and against the Plaintiff.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: MISUSE OF THE PRODUCT

1. At the time and place described in the Plaintiff's Complaint, it was the duty of Plaintiff's Subrogors to use the product in accordance with all product instructions.

2. If the fire was caused by improper venting, then the Marders misused the product in that they failed to properly store and use the battery to allow for proper venting.

WHEREFORE, the Defendant, LAPTOPS FOR LESS, INC., prays that judgment be entered in its favor and against the Plaintiff.

### SECOND AFFIRMATIVE DEFENSE: DISTRIBUTOR STATUTE

1. If the product described in the Plaintiff's Complaint was distributed by LAPTOPS FOR LESS, INC., then the product was manufactured by Porta Power Flat 106-107 1/F Hopeful Factory 10-16 Wo Shing ST Fotan NT Hong Kong, phone number 011-852-2687-6323, facsimile 011-852-2687-6312.

2. Pursuant to §2-621 of the Illinois Code of Civil Procedure, LAPTOPS FOR LESS, INC., as the distributor, is entitled to a dismissal of the product liability count against it, Count I. The Affidavit of Judie Quach certifying the correct identity of the manufacturer of the battery packs distributed by this Defendant is attached hereto.

WHEREFORE, the Defendant, LAPTOPS FOR LESS, INC., moves this Honorable Court to enter judgment in its favor and against the Plaintiff under Count I of its Complaint.

### THIRD AFFIRMATIVE DEFENSE:
### NOTICE UNDER THE UNIFORM COMMERCIAL CODE

1. The Plaintiff failed to provide LAPTOPS FOR LESS, INC. proper and reasonable notice of this claim in violation of §2-607 of the applicable Uniform Commercial Code.

2. The Plaintiff's failure to give reasonable notice of the alleged defect within a reasonable time after discovering the alleged defect requires dismissal of the breach of warranty claims against this Defendant.

WHEREFORE, the Defendant, LAPTOPS FOR LESS, INC., prays that judgment be entered in its favor and against the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE: LACK OF JURISDICTION

1. The court lacks personal jurisdiction over the person of this Defendant.

WHEREFORE, the Defendant, LAPTOPS FOR LESS, INC., prays that judgment be entered in its favor and against the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE: COMPARATIVE FAULT

1. The damages alleged by the Plaintiff were caused, by whole or in part, by the negligence of their Subrogors, the Marders, in the manner in which they used and stored their laptop and batteries.

2. The comparative fault of the Marders is more than 50% of the proximate cause of the damages for which they seek recovery. Under Section 2-1116 of the Illinois Code of Civil Procedure, the Plaintiff is barred from any recovery. Alternatively, any recovery in favor of the Plaintiff should be reduced by an amount commensurate with the relative degree of fault of the Marders in causing the alleged damages.

WHEREFORE, the Defendant, LAPTOPS FOR LESS, INC., prays that judgment be entered in its favor and against the Plaintiff, or, alternatively, any judgment entered in

the Plaintiff be reduced by an amount commensurate with the relative degree of fault of the Marders in causing the alleged damages.

        This defendant demands trial by jury.

                              LAW OFFICES OF THADDEUS J. GUSTAFSON

                              / S / Steven M. Mahoney
                              _____
                              Steven M. Mahoney, Attorney for Defendant,
                              Laptops for Less, Inc.

Steven M. Mahoney, I.D. #3127403
LAW OFFICES OF THADDEUS J. GUSTAFSON
Two North LaSalle Street
Suite 2510
Chicago, Illinois  60602
(312) 782-7191

I.D. No. 3127403
03503-SMM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, ) | | |
| as Subrogee of Stuart and Maxine Marder, ) | | |
| ) | | |
| Plaintiff, ) | Case No. 08 CV 2472 | |
| ) | | |
| v. ) | Assigned Judge: Rebecca R. Pallmeyer | |
| ) | | |
| LAPTOPS FOR LESS, INC., a California ) | Magistrate Judge: Geraldine Soat Brown | |
| Corporation, ) | | |
| ) | Jury Trial Demanded | |
| Defendant. ) | | |

## AFFIDAVIT OF JUDIE QUACH

I, Judie Quach, having been duly sworn under oath, depose and state as follows:

1. My name is Judie Quach, and I am employed by Laptops for Less.

2. In my position with Laptops for Less, I am familiar with the business operations and the records of the company. In reviewing the records of the company, if the battery pack described in the Plaintiff's Complaint was distributed by Laptops for Less, then that battery pack was manufactured by Porta Power Flat 106-107 1/F Hopeful Factory 10-16 Wo Shing ST Fotan NT Hong Kong, phone number 011-852-2687-6323, facsimile 011-852-2687-6312.

FURTHER AFFIANT SAYETH NOT.

_____
Judie Quach

SUBSCRIBED AND SWORN to before

me this _____ day of _____, 2008.

_____
Notary Public

Steven M. Mahoney, I.D. #3127403
LAW OFFICES OF THADDEUS J. GUSTAFSON
Two North LaSalle Street
Suite 2510
Chicago, Illinois  60602

2

3

(312) 782-7191

I.D. No. 3127403
03503-SMM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| as Subrogee of Stuart and Maxine Marder, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 2472 |
| | ) | |
| v. | ) | Assigned Judge: Rebecca R. Pallmeyer |
| | ) | |
| LAPTOPS FOR LESS, INC., a California | ) | Magistrate Judge: Geraldine Soat Brown |
| Corporation, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## NOTICE OF FILING

TO:   Anooj M. Thakrar/Daniel G. Sullivan/Brad M. Gordon
      Grotefeld & Hoffman, LLP
      180 North LaSalle Street
      Suite 1810
      Chicago, IL  60601

   Please take notice that on the 27th day of June, 2008, we filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, the attached *Defendant, Laptops for Less, Inc.'s Answer and Affirmative Defenses.*

                              LAW OFFICES OF THADDEUS J. GUSTAFSON


                              / S / Steven M. Mahoney
                              _____
                              Steven M. Mahoney, Attorney for Defendant,
                              Laptops for Less, Inc.

Steven M. Mahoney, ARDC No. 3127403
LAW OFFICES OF THADDEUS J. GUSTAFSON
Two North LaSalle Street
Suite 2510
Chicago, Illinois  60602

PROOF OF SERVICE BY E-FILING & MAIL

<u>Mary Beth Ochsenfeld</u> certifies that she electronically filed the foregoing notice and pleading with the Clerk of the Court using the CM/ECF system which forwarded notification of such filing to the attorneys of record on the attached Service List on the <u>27</u>th day of <u>June,</u> <u>2008</u> pursuant to Fed.R.Civ.P. 5(a). In the event any of the attorneys of record do not receive CM/ECF notifications, copies of the above documents will be served upon those parties by mailing a copy via U.S. Mail on the <u>27</u>th day of <u>June,</u> <u>2008</u>.

/ S / Mary Beth Ochsenfeld

_____
Mary Beth Ochsenfeld